FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZA R. SALAZAR,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BEVAN MAXEY, et al,<br><br>　　　　　　　Defendants. | NO. 2:23-CV-0308-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint and Amended Complaint. ECF Nos. 1 and 5.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, all claims asserted in Plaintiff's Complaint and Amended Complaint are **DISMISSED**.

## BACKGROUND

Plaintiff Eliza R. Salazar, proceeding *pro se* and *in forma pauperis*, filed this suit on October 25, 2023, against four named Defendants.  Plaintiff complains that Defendants stole her settlement, forged documents, cashed checks, have conflicts of interest, and has poisoned her.  She seeks $1.5 billion from each Defendant.

ORDER DISMISSING COMPLAINT ~ 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v.*

ORDER DISMISSING COMPLAINT ~ 2

1  *Iqbal*, 556 U.S. 662, 679 (2009).  The complaint must contain more than "a

2  formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v.*

3  *Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to

4  relief that is plausible on its face."  *Id.* at 570.  The Court construes a *pro se*

5  plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.

6  *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation

7  omitted).

8        The Court finds that Plaintiff has failed to state facts which "plausibly give

9  rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679, in federal court.  There is

10  no federal jurisdiction over Plaintiff's allegations here.

11        **OPPORTUNITY TO AMEND**

12        Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

13  must be given the opportunity to amend his complaint to correct any deficiencies.

14  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

15  U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

16  2012).  The Court finds that it is absolutely clear that no amendment will cure the

17  deficiencies in Plaintiff's Complaint.  Therefore, the Court dismisses Plaintiff's

18  Complaints from federal court without prejudice to filing in State Court.

19        **REVOCATION OF IN FORMA PAUPERIS STATUS**

20        Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

ORDER DISMISSING COMPLAINT ~ 3

*pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint and Amended Complaint are **DISMISSED**.
2. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.
3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** October 26, 2023.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 4